■ GUISEPPE MOSCATELLI, Appellant, v. NILS NORDSTROM, JR., Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered March 9, 1971 in Broome County, upon a decision of the court at a Trial Term without a jury. After engaging in the practice of plastic surgery with defendant for seven months without a written agreement, plaintiff terminated the association and sued for an accounting. Defendant counterclaimed for moneys due and owing. In order to be entitled to an accounting plaintiff had to prove a partnership, joint venture or fiduciary relationship (*Bradkin* v. *Leverton*, 26 N Y 2d 192, 199; *Kaminsky* v. *Kahn*, 20 N Y 2d 573, 582), and he did not sustain this burden. Only an employer-employee relationship was shown. Plaintiff was to receive 50% of the monthly net income of their joint efforts with a guaranteed minimum to plaintiff of $1,500 per month. From these payments defendant deducted Federal and State income taxes and social security contributions. Receipt of a share of the profits, while creating an inference of a partnership (Partnership Law, § 11), was overcome by the other elements of the relationship (36 N. Y. Jur., Master and Servant, § 2). The proof also sustained the allowance of the counterclaim (representing fees paid directly to plaintiff after departure) in view of the actions of the parties during the employment. Plaintiff was paid 50% of the net cash receipts for the seven-month period, a method of accounting which was obviously part of the agreement, as well as practice. Judgment affirmed, without costs. Sweeney, Kane and Reynolds, JJ., concur; Herlihy, P. J., dissents and votes to reverse in the following memorandum. Herlihy, P. J. (dissenting). There being no issue as to a contractual relationship or that the plaintiff was entitled to the value of his services, the sole question for the court is whether the salary

of the plaintiff was to be net cash received monthly or net profits of the proceeds of the relationship. In my opinion the $1,500 per month was clearly an advance of the net profit sharing and not as found by the majority "a guaranteed minimum to plaintiff of $1,500 per month." The conduct of the parties in the present instance permits only of an inference that the plaintiff was to receive 50% of the net income from all fees earned while he was employed and this he has not received. If the earnings of the plaintiff had been unrelated to the services rendered, the defendant would have included for September all receipts from the prior practice conducted solely by himself. It follows then that the plaintiff should be paid for all services rendered and 50% of the proceeds therefor until the date of the termination of the relationship. The judgment should be reversed, on the law and the facts, and the matter remitted to the Supreme Court for the defendant to demand a jury trial, if so advised, on the issue of damages (*Kaminsky* v. *Kahn*, 20 N Y 2d 573, 582, 583).