■ EARLEY S. CARPENTER, Respondent, v ROBERT M. WEICHERT, Appellant.—Cross appeals from a judgment of the Supreme Court, entered December 2, 1974 in Onondaga County, upon a verdict rendered at a Trial Term in favor of plaintiff. The judgment is one for money damages against defendant, an attorney, for his malpractice in negligently failing to prosecute an action brought by plaintiff against one Sliva. On or about January 15, 1959, plaintiff and Sliva entered into a partnership to conduct a coin-operated machine business. Plaintiff was to provide labor, Sliva capital, and the profits were to be equally divided. On March 29, 1959 they formed the Hi-Fi Amusement Corp. along with one Raponi as the third incorporator. Plaintiff contends that all parties agreed that the business would continue as before with each party owning an equal share and that it would, in effect, remain a partnership. This arrangement was corroborated by Raponi who testified that, during the period he was with the firm, each principal regarded and treated one another as partners. Plaintiff further contends that some three or four months later, after stock had been issued, he discovered that Sliva had issued 98 shares to himself, while only four shares were issued to plaintiff and one to Raponi. Following a meeting where the unequal distribution of stock was discussed, an agreement was reached whereby, among other things, Sliva would return 94 shares to the corporation, Raponi would receive an additional three, and they would continue on an equal basis. The agreement was never implemented. Early in 1960 Raponi left the business, at which time plaintiff maintains Sliva assured him they would return to the previous 50-50 basis and that he would receive an equal share in the event of any sale of the business. In August of 1965 plaintiff was advised that Sliva had sold a substantial portion of the assets of the business. When he demanded an equal share of the amount realized, however, Sliva refused any payment. Thereafter, on November 3, 1966, an action was commenced against Sliva for an accounting in which plaintiff was represented by defendant herein as his attorney. An answer was interposed; an examination before trial of Sliva was conducted on behalf of plaintiff; and a note of issue was duly filed on November 25, 1967. The matter was then adjourned from time to time until April of 1968 when it was placed on the general docket where it remained without restoration for trial within the time provided by the appropriate court rules. A motion for an order directing restoration of the action for trial was denied in May of 1970 and the resulting order of dismissal was affirmed upon appeal. Plaintiff then com-

menced the instant action against his former attorney on December 3, 1971. In order for plaintiff to recover in this malpractice action, he must prove facts which would enable the jury to find that he would have recovered against Sliva but for his attorney's negligence *(Gladden v Logan,* 28 AD2d 1116). In other words, he must establish the prior existence of some partnership, joint venture or fiduciary relationship between himself and Sliva as a predicate upon which he would have succeeded in the prior accounting action *(Moscatelli v Nordstrom,* 40 AD2d 903). Here, this must be accomplished in the face of a valid certificate of incorporation filed with the Secretary of State describing the method selected by these individuals for the conduct of their business. The law is clear that if a business is conducted as a corporation, it cannot at the same time be carried on as a partnership. The two are mutually exclusive and cannot coexist *(Weisman v Awnair Corp. of Amer.,* 3 NY2d 444, 449; *Berger v Eichler,* 211 App Div 479). Furthermore, when individuals conduct a business in the corporate form, no confidential or fiduciary relationship exists between the parties and the equitable remedy of an accounting is not available *(Weisman v Awnair Corp. of Amer., supra; Schwartz v Travelers Hotel,* 19 AD2d 552). The jury has found, however, that the offered proof was sufficient to establish that plaintiff and Sliva were, in fact, operating as a partnership or joint venture and that there was never any intention to carry on their business as stockholders of a corporation. Although the testimony on this matter is in sharp dispute, the jury obviously accepted the version offered by plaintiff and rejected any other account. It could well find that Sliva regarded and controlled the company assets as his own and not as property of any corporation. While there is a judicial reluctance to disregard the corporate form in most situations, it will be done on those occasions where the evidence supports such a determination as necessary to effectuate a demonstrated equitable right *(International Aircraft Trading Co. v Manufacturers Trust Co.,* 297 NY 285, 292; *Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362; *Macklem v Marine Park Homes,* 17 Misc 2d 439, affd 8 NY2d 1076). The proof and equities of this case fully justify piercing the corporate veil and properly merited the conclusion that plaintiff and Sliva were partners or joint venturers. As to the issue of damages, we perceive no reason to disturb the award of the jury. It is within reasonable bounds and supported by the evidence. We would only note that a portion of the award of damages was for breach of contract and, as to that amount, the court declined to direct an award of interest. Since the jury specifically found damages for breach of contract, interest should have been added to that amount (CPLR 5001, subd [a]; *Neimark v Martin,* 7 AD2d 934). We find no merit in other issues raised on this appeal. Judgment modified, on the law and the facts, so as to direct the award of interest on $500 from September 29, 1970 and on $500 from September 13, 1968, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.