■ Joseph Garguilo, Appellant, v Philip Schunk, Defendant and Third-Party Plaintiff-Respondent. Solomon Abrahams, Third-Party Defendant.—Appeal from an order of the Supreme Court in favor of the plaintiff, entered July 28, 1976 in Albany County, which granted a motion by defendant at the close of the plaintiff's case to dismiss the complaint by reason of the failure of the plaintiff to make out a prima facie case. This action arises out of the alleged malpractice of the defendant, an attorney who was retained by the plaintiff, to defend an action brought against the plaintiff by Robert Kirkpatrick, individually and on behalf of Ulster Erectors, Inc. On May 29, 1973 a default judgment was entered by Kirkpatrick against the plaintiff. In July, 1973 the third-party defendant herein and the present counsel of the plaintiff made a motion to open the default judgment. That motion was "denied without prejudice to renew upon production of more specific evidence that defendant has a meritorious defense". Ten months later when another motion was made to vacate the default judgment, the motion was again denied on the ground that the plaintiff did not present a sufficient affidavit of merit. This action followed. It was found and is not disputed that defendant was negligent in neither answering nor otherwise responding to the complaint against plaintiff in the Kirkpatrick action. The trial court dismissed the action on the ground that the plaintiff failed to make a showing that a meritorious defense was available in the underlying Kirkpatrick action. The decision of the trial court should be affirmed. It is settled law in New York that in an action against an attorney for alleged malpractice, the plaintiff must show not only

that the defendant was negligent, but also that the plaintiff would have been successful in the underlying action. This court recently reaffirmed this principle in *Carpenter v Weichert* (51 AD2d 817, 818) where it said: "In order for plaintiff to recover in this malpractice action, he must prove facts which would enable the jury to find that he would have recovered against [the defendant in the underlying action] but for his attorney's negligence *(Gladden v Logan,* 28 AD2d 1116)." Since the plaintiff failed to meet his burden of proof and failed to prove a prima facie case, the dismissal of the complaint was proper. Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.