■ SIMEON S. PETROVSKI, Appellant, v GERARD R. FORNES et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff was injured when he fell from a ladder or scaffolding erected for the painting of a bridge on the New York State Thruway. He commenced this legal

malpractice action claiming that defendants negligently advised or failed to advise him concerning the viability of a claim against parties other than his employer. Following a lengthy trial, the jury returned a verdict that there was no violation of Labor Law § 240 (1), which was a proximate cause of plaintiff's injury.

Plaintiff contends, *inter alia,* that the court erred by denying his motion for a directed verdict as to Labor Law violations and legal malpractice as well as his motion to set aside the verdict. We disagree.

On a motion for a directed verdict, the court must view the evidence and inferences reasonably to be drawn therefrom most favorably to the nonmoving party and determine whether the jury could find for the nonmovant by any rational process *(Wessel v Krop,* 30 AD2d 764, 765). The motion should not be granted if the facts are in dispute, or if different inferences could be drawn from undisputed facts, or where resolution of an issue depends upon the credibility of witnesses *(Bartkowiak v St. Adalbert's R. C. Church Socy.,* 40 AD2d 306, 309). Also, a jury's verdict should not be set aside as against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion *(Montana v Smith,* 92 AD2d 732) or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence *(Harris v Armstrong,* 97 AD2d 947, *affd* 64 NY2d 700).

This record is replete with testimonial conflicts concerning the manner in which the accident occurred and the existence of any Labor Law violations. Moreover, in view of testimony suggesting that plaintiff improperly endeavored to secure favorable testimony from his employer on the eve of trial, the jury could have discredited all his testimony *(see, Deering v Metcalf,* 74 NY 501; PJI 1:22). Since the jury could have concluded, as it did, that the claimed Labor Law violation was not the proximate cause of the accident, the court correctly denied the motion for a directed verdict and to set aside the verdict.

Having upheld the jury's verdict on the underlying claim, we do not reach the claim that the court should have directed a verdict as to legal malpractice *(see, Garguilo v Schunk,* 58 AD2d 683, *lv denied* 42 NY2d 808; *Gladden v Logan,* 28 AD2d 1116).

The court did not err by refusing to instruct the jury regarding Labor Law § 241 (6). A violation of that section was

not alleged in the complaint or bills of particulars. In his opening statement, plaintiff's counsel told the jury that this case involved Labor Law § 240, not section 241. No motion was made to conform the pleadings to the proof. When opposing defendants' motion to dismiss upon the close of plaintiff's case and again when moving for a directed verdict, counsel did not mention section 241. Plaintiff submitted a written request to instruct the jury as to section 240, but not section 241. Under the circumstances, the court properly rejected plaintiff's belated attempt to change the theory of his case. We have considered plaintiff's remaining contentions and find them to lack merit. (Appeal from judgment of Supreme Court, Erie County, Cook, J.—malpractice.) Present—Dillon, P. J., Green, Balio and Schnepp, JJ.