■ ALEXIUS C. CONROY et al., Respondents, v CADILLAC FAIRVIEW SHOPPING CENTER PROPERTIES (MARYLAND), INC., et al., Appellants.—In an action, *inter alia,* for an accounting, the defendants appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered December 17, 1987, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiffs Alexius Conroy and William Panzer are general partners of CF Cobb Associates, a partnership formed on November 2, 1981. The remaining members of the partnership are the three corporate defendants. The complaint alleges in substance that the three corporate defendants, who manage and control the affairs of the partnership, have committed various breaches of the partnership agreement and their fiduciary duty towards the plaintiffs.

Included among these breaches are failure to maintain a separate partnership checking account and commingling of partnership funds, charging the partnership a higher rate of interest than agreed upon for loans to eliminate its cash deficit and accepting financing commitments at less than market value terms in order to obtain benefits for nonpartnership investments. The complaint also alleges that the defendants have refused to provide the plaintiffs with audited financial statements of the partnership which are required to be prepared yearly under the partnership agreement, and that the defendants have refused to provide "true and full information of all things affecting the partnership" as required by Partnership Law § 42.

In order to enlist the aid of a court of equity in vindicating the right to an accounting, a plaintiff must show a demand for an accounting and a failure or refusal by the partner with the books, records, profits or other assets of the partnership in his possession to account to the other partner or partners *(see, Raymond v Brimberg,* 99 AD2d 988; *Robert C. Arrants, M.D., P. C. v Robert J. Dell Angelo, M.D. P. C.,* 73 AD2d 633). Upon a motion to dismiss a complaint for legal insufficiency, the test to be applied is whether it gives sufficient notice of the transactions, occurrences or series of transactions or occurrences intended to be proven and whether the requisite elements of any cause of action known to our law can be discerned from its averments *(see, Pace v Perk,* 81 AD2d 444). Applying this test at bar, contrary to the defendants' assertions, the complaint sufficiently pleads a prior demand for and

refusal of an accounting by alleging a demand for and refusal of "true and full information" about the financial affairs of the partnership. The defendants' motion to dismiss the complaint was, therefore, properly denied. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.