■ METROKANE IMPORTS, LTD., Respondent, v KANE, DALSIMER, KANE, SULLIVAN AND KURUCZ et al., Appellants.—Order of the Supreme Court, New York County (Louis Grossman, J.), entered on or about December 22, 1987, which granted plaintiff's motion for summary judgment as to liability, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings, with costs.

The present legal malpractice action arises out of defendant law firm Kane, Dalsimer's representation of plaintiff Metrokane Imports (hereinafter MKI) in a Federal court unfair trade practices action. In that action MKI had sought a preliminary injunction barring the defendant therein, Rowoco, Inc., from marketing a juice machine alleged to be an unauthorized copy of MKI's juicer, the Mighty OJ. Kane, Dalsimer was retained by MKI following the Federal District Court's initial denial of the requested preliminary injunction. Represented by Kane, Dalsimer, MKI appealed the District Court's denial of the preliminary injunction and prevailed; the Second Circuit Court of Appeals vacated the District Court's determination and remanded the matter for reconsideration. Observing that MKI sought as ultimate relief, among other things, a permanent injunction, the Court of Appeals suggested that, on remand, the trial of the action on the merits be advanced and

combined with reconsideration of the preliminary injunction motion. Thereafter, an evidentiary hearing was held by the District Court to determine whether Rowoco should be enjoined from marketing its juicer. At the conclusion of the hearing, the court announced to the evident surprise of MKI's counsel that, in accordance with the suggestion of the Court of Appeals, the trial on the merits had just taken place. A decision was subsequently issued granting MKI the permanent injunction it had requested. The court, however, declined to award MKI damages or attorneys' fees, noting in its judgment, entered October 25, 1985, that neither had been established. Some three months after entry of the judgment, MKI moved that the matter be reopened to afford it an opportunity to prove its damages and establish its attorneys' fees. The motion was denied. In April 1986, the October 25, 1985 judgment was affirmed in its entirety by the Second Circuit Court of Appeals which noted in its affirmance that the District Court's refusal to reopen the trial three months after a final disposition did not constitute an abuse of discretion.

In May 1986, MKI commenced the within action, alleging that Kane, Dalsimer's failure timely to present evidence of MKI's damages constituted legal malpractice for which MKI was entitled to recover. In the order here appealed MKI was granted summary judgment as to liability, the issue of damages apparently having been set aside for separate consideration. It was the motion court's view that malpractice had been established by Kane, Dalsimer's failure to present evidence on damages at trial or to request a continuance for that purpose. We disagree.

To establish a prima facie case of legal malpractice, the plaintiff must show that but for the negligent handling of his case he would have prevailed. (Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine, 45 NY2d 730, 732; Parksville Mobile Modular v Fabricant, 73 AD2d 595, 599, appeal dismissed 49 NY2d 801; Garguilo v Schunk, 58 AD2d 683, lv denied 42 NY2d 808; Carpenter v Weichert, 51 AD2d 817, 818, lv denied 39 NY2d 708.) We are unable to discern in the record before us any evidence of MKI's damages, much less such evidence as would permit the conclusion that, had that evidence been timely presented, MKI would have recovered. Certainly, the unsupported assertion by MKI's president that her company "had previously provided [its] attorneys with all the documentation necessary to prove damages, which are extremely substantial", is not sufficient to support a determination that MKI would have prevailed upon its damage claim.

It is, moreover, disputed whether MKI did, in fact, timely furnish Kane, Dalsimer with sufficient evidence to prove damages. Without knowing precisely what evidence Kane, Dalsimer had at its disposal at the time of trial, it is impossible to determine whether Kane, Dalsimer's alleged failure to present evidence on damages constituted a departure from prevailing standards of legal practice.

It is also disputed, and on this record impossible to determine, whether or not Kane, Dalsimer did, as it claims, submit what evidence it had of MKI's damages to the trial court. The fact that the trial court's October 25, 1985 judgment noted that damages had not been established does not furnish a sufficient basis to conclude that proof of damages had not been submitted.

While these factual issues remained unresolved, there should have been no summary finding of liability for legal malpractice. The implicit resolution of these issues by the court was inappropriate on a motion for summary judgment where "[i]ssue-finding, rather than issue-determination, is the key to the procedure" *(Esteve v Abad,* 271 App Div 725, 727; *see also, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Fuchs v MiCAD Sys.,* 138 AD2d 312, 313). The grant of summary judgment was particularly inappropriate since, as noted, plaintiff had not established a prima facie entitlement to the relief sought *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Accordingly, the motion should have been denied. Concur—Murphy, P. J., Carro, Asch, Rosenberger and Smith, JJ.