■ MARTIN I. BLAUSTEIN, Appellant, v LAZAR BORCK & MENSCH et al., Respondents.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about June 2, 1989, which denied plaintiff's motion for an interlocutory judgment granting plaintiff a right to an accounting with respect to certain partnerships and directing that accountings be held pursuant to the New York State Partnership Law, unanimously affirmed, with costs.

Plaintiff's complaint alleged that he was a partner in the accounting firm known as Lazar Borck & Mensch (LB&M) and that he was not properly paid or provided with an accounting

upon the dissolution of the partnership. It was also alleged that the individual defendants took unilateral action with respect to plaintiff's interest in two real estate investment partnerships known as DK Partners and SOF Associates without providing an accounting to the plaintiff.

In order to be entitled to an accounting in connection with the dissolution of LB&M, plaintiff had to prove the existence of a partnership, joint venture or fiduciary relationship *(Moscatelli v Nordstrom,* 40 AD2d 903). Whether partnership status is enjoyed turns on various factors including sharing in profits and losses, exercising joint control over the business and making of investments and possessing an ownership interest in the partnership *(M.I.F. Sec. Co. v Stamm & Co.,* 94 AD2d 211, 214; *Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317-318). However, the fact that an individual receives a share of the profits is not dispositive, since all of the elements of the relationship must be considered *(Ramirez v Goldberg,* 82 AD2d 850, 852; *Moscatelli v Nordstrom, supra).*

No partnership agreement exists which names plaintiff as a partner. While plaintiff's documentary evidence establishes some of the factors necessary for a finding that he was indeed a partner in Lazar Borck & Mensch, that evidence does not conclusively establish his status as a partner so as to entitle him to the summary relief he requests.

While it is not disputed that plaintiff was a partner in the two real estate investment partnerships, the plaintiff failed to show that the individual defendants refused or failed altogether to provide him with an accounting. "In order to enlist the aid of a court * * * in vindicating the right to an accounting, a plaintiff must show a demand for an accounting and a failure or refusal by the partner with the books, records, profits or other assets of the partnership in his possession to account to the other partner or partners". *(Conroy v Cadillac Fairview Shopping Center Props.,* 143 AD2d 726.) Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.