■ GRACIE MORRETTA, an Adult, by EMILIO NUNEZ, her Guardian Ad Litem, Respondent, v ROBERT DYSON et al., Defendants, and PELHAM BAY GENERAL HOSPITAL, Appellant. —Judgment of the Supreme Court, Bronx County (Jack Turret, J.), entered November 1, 1989 pursuant to an order of the same court entered March 9, 1989, which directed a new trial on the issue of damages unless the parties stipulated to reduce the jury verdict from $4,250,000 to $2,549,381, unanimously reversed, on the law, without costs, judgment entered pursuant to the stipulation vacated, and the matter remanded to Supreme Court for further proceedings pursuant to CPLR 1208 to enter an order in accordance with the settlement reached between defendants and plaintiff's guardian and approved by the court on the record.

This medical malpractice action was commenced by plaintiff's mother and natural guardian, Gracia Morretta, seeking recovery for injuries sustained by plaintiff during the course of her birth resulting in mild mental retardation. Prior to trial, the caption was amended to reflect that plaintiff had attained the age of majority and that suit was being brought in her own name. However, after the close of testimony, the court appointed a guardian ad litem when defendants, in response to an earlier settlement demand of $2,000,000, made a firm offer in that amount.

At a pre-charge conference, the court informed the parties that, despite the objection voiced by counsel for plaintiff to both the appointment of a guardian and the amount offered by defendants, it approved the settlement. However, in view of the objection and because the court entertained some uncertainty concerning its power to appoint the guardian ad litem, it announced its intention to submit the case to the jury for a verdict. Its stated rationale for what was conceded to be a procedure without precedent was a concern for judicial economy; should this court, upon review, conclude that appointment of the guardian was in error, the jury verdict could thereupon be enforced. Counsel for one of the defendant doctors cogently observed, "Basically, we've got a settlement with appeals on the settlement," and withdrew his offer.

We agree that the procedure employed by Supreme Court is without precedent, and we strongly discourage its use. It has long been recognized that parties "may to a large extent chart their own procedural course through the courts" *(Stevenson v*

*News Syndicate Co.,* 302 NY 81, 87, citing *Matter of Malloy,* 278 NY 429) and "by their stipulations may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce" *(Matter of New York, Lackawanna & W. R. R. Co.,* 98 NY 447, 453; *Mann v Simpson & Co.,* 286 NY 450, 459). The courts have a strong interest in promoting settlements and in enforcing settlement agreements *(Mitchell v New York Hosp.,* 61 NY2d 208, 214), especially those made in open court (CPLR 2104) "where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" *(Hallock v State of New York,* 64 NY2d 224, 230).

The agreement to settle this dispute, reached among counsel for defendants and plaintiff's guardian ad litem and approved by the court on the record, concluded the litigation. Supreme Court clearly had the authority to appoint a guardian for this plaintiff (CPLR 1202) who was incapable of adequately prosecuting her rights (CPLR 1201). Upon receiving the consent of the guardian to the offer extended by defendants, the court had the option of either rejecting the settlement and sending the case to the jury for a verdict or approving the settlement and ending the litigation. In attempting to do both, the court promoted neither the voluntary resolution of the dispute nor judicial economy, the instant appeal being the inevitable result. Once Supreme Court approved the settlement, the litigation ended, and the court was without authority to continue with the trial. Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.