■ NATIONAL ENTERPRISES CORP. et al., Respondents, v DECHERT PRICE & RHOADS, Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 15, 1991, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

Plaintiffs are the successors in interest of a number of companies which were the shareholders of Avant-Garde Computing Inc. and seek to recover $2,159,000 which they had paid in a settlement of a Federal securities violations action

entitled *In re Avant-Garde Computing Inc. Sec. Litig.* (US Dist Ct, NJ, Sept. 5, 1989, Thompson, J. [85 Civ 4149]) and for legal fees incurred in defending that action. Prior to settlement of the Federal action, plaintiffs and defendant law firm, which had represented both plaintiffs and Avant-Garde, entered into a stipulation to settle the third party action which, *inter alia,* permitted plaintiffs to recommence their action against defendant following settlement of the Federal action.

Parties may to a large extent chart their own procedural course and may stipulate to matters, which stipulation the court will generally enforce *(see, Morretta v Dyson,* 173 AD2d 257). Here, the IAS court properly attributed a fair and reasonable interpretation of the objective and purposes of the stipulation between the parties and correctly determined that the parties meant to postpone their litigation, preserve plaintiffs' contribution claim and render General Obligations Law § 15-108 inapplicable *(see, Mitchell v New York Hosp.,* 61 NY2d 208). Furthermore, the IAS court, in deciding the motion to dismiss the complaint, properly considered plaintiffs' allegations to be true and everything reasonably to be implied therefrom *(Rovello v Orofino Realty Co.,* 40 NY2d 633) and properly determined that the pleading recited sufficient facts to sustain causes of action sounding in legal malpractice *(see, Metrokane Imports v Kane, Dalsimer, Kane, Sullivan & Kurucz,* 150 AD2d 153, 155) and implied indemnification *(see, Mas v Two Bridges Assocs.,* 75 NY2d 680), and we find no bar to a recovery for legal expenses incurred *(see, Owens v Palm Tree Nursing Home,* 89 AD2d 619, 621). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.