*774 OPINION OF THE COURT
Stephen G. Crane, J.
May a defendant who has prevailed on a motion to stay an action and compel arbitration of plaintiffs claims in the complaint therein apply to stay, on the grounds of limitations, the very arbitration it succeeded in compelling? CPLR 7503 (b) quite clearly answers this question in the negative, and the only forum remaining open for such a defendant to assert the Statute of Limitations is the arbitration itself. (CPLR 7502 [b]; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7502.11, at 75-93; Siegel, NY Prac § 590, at 948 [2d ed].)
Respondent, Beatrice Rinzler (Rinzler), was a customer of Shearson Lehman Brothers, Inc. (Shearson). Eugene L. Weiss (Weiss) was her registered representative in Shearson’s Bloomfield, New Jersey office. Rinzler, now aged about 90 years, opened her Shearson account in 1983 pursuant to a customer’s agreement requiring arbitration of any controversy arising out of her accounts or from transactions between the parties.[1] In 1983 Rinzler, at the suggestion of Weiss, purchased an aggregate of $75,000 of Damson Oil and Gas Income Fund (the Fund), a limited partnership. By 1985 the Fund had suffered severe reverses causing Rinzler’s investment to shrink to $43,000, and by 1986 all income distributions had ceased. In February 1991, another company offered to acquire the Fund. Rinzler was offered $5,400 in cash and stock for her investment.
Rinzler promptly thereafter sued Shearson and Weiss (petitioners in this proceeding) in Superior Court, New Jersey, claiming fraud and breach of fiduciary duty in that petitioners misled her into investing in the Fund, failed to disclose the risky and speculative nature of the investment, and ignored its unsuitability for a person of her age and investment objectives. Her complaint alleged that she only discovered the true facts at the time of the offer to acquire her interest in February 1991.
Rather than answer this complaint, petitioners moved in Superior Court to compel arbitration. They won. By order entered February 24, 1992, the Superior Court stayed Rinzler’s action pending an arbitration to be commenced by her. The order is entitled "Order Compelling Arbitration.” Since petitioners had interposed no answer in that action, the *775 defense of Statute of Limitations was not raised; petitioners did not even refer to limitations in their motion to compel arbitration.
Next Rinzler served a statement of claim[2] in arbitration before the National Association of Security Dealers, Inc. embodying her complaint in the New Jersey action. This proceeding was thereupon commenced by order to show cause containing a temporary stay of arbitration pending the "hearing” of the petition.[3] Rather than answer the petition, Rinzler has interposed only a "Brief in Opposition.” In this opposition Rinzler’s counsel reasserts the timeliness of her claims.
DISCUSSION
Clearly, in the absence of an affidavit from Rinzler, the sworn representations of petitioners establish that Rinzler’s claims are all time barred: More than six years had passed from the last purchase of the Fund in 1983 before the New Jersey action began. (CPLR 213 [8].) More than two years passed from the date she should have discovered the alleged fraud. (CPLR 203 [g].)
The absence of an answer to the verified petition at bar or a motion to dismiss it in point of law presents yet another problem, procedural in nature: In order to reach the question of petitioners’ standing to raise the defense of the Statute of Limitations in this special proceeding, Rinzler[4] was required to raise it in the answer or by motion to dismiss the petition. *776 (CPLR 404.) Nonetheless, petitioners have responded on the merits by interposing their reply memorandum. They have not raised any question of the procedural irregularity that Rinzler failed to move or answer. They only refer to the absence of her affidavit to show she has not denied the allegations of the petition nor proven when she discovered the fraud. In this posture of the case, it can likewise be said that petitioners have also plotted their own procedural course. (See, Stevenson v New Syndicate Co., supra, discussed at n 4 herein.) Consequently, this court will treat the case as though Rinzler objected in point of law raising a defense based on documentary evidence (CPLR 3211 [a] [1]), to wit, the motion and order in the New Jersey action to compel arbitration.
This brings us back to the question posed at the beginning of this opinion. The court has found no case* *** [5] analyzing the disqualification from raising the bar of limitations of parties who had previously made an application to compel arbitration. Petitioners do not advance their position by claiming that they have not participated in the arbitration. Even though tins argument replies to Rinzler’s assertion of petitioners’ participation, that is a different limitation on the right to raise the bar of limitations in a proceeding to stay. The reason for the lack of cases seeking stays by applicants who previously moved to compel arbitration is, perhaps, that no one has yet had the gall to employ this whipsaw.
Nevertheless, the circumstances do raise the question of how a party in a position, such as petitioners found themselves in during the New Jersey litigation, is to preserve the objections of both bars to the action, arbitration and limitation. According to petitioners, under New Jersey procedure they could not assert the Statute of Limitations defense without answering the complaint. The answer to this conundrum *777 is obvious. Instead of moving to compel arbitration, petitioners should have merely sought a stay of the New Jersey action. (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7503.05; cf., id., If 7503.18; Siegel, op. cit., at 951.) They might also have staked out their limitation defense simply to protect themselves from a later accusation of waiver; but, any application to stay the action due to Rinzler’s agreement to arbitrate her claims could not be considered the equivalent of an application to compel arbitration for the purposes of CPLR 7503 (b).
In any event, the statute is clear. Petitioners’ motion to compel arbitration disqualifies them, in this proceeding to stay arbitration, from raising the bar of limitations. This they must raise before the arbitral tribunal. (CPLR 7502 [b].)
The petition is denied and the proceeding dismissed without costs. The parties shall proceed to arbitration. Any temporary stay in the order to show cause that the parties agreed to extend is hereby vacated.

. The agreement provided that it was to be governed by the laws of the State of New York (para 13).

. Petitioners make a fuss over the hiatus between the date of the arbitration claim, May 20, 1992, and its receipt, July 27, 1992. Since no notice requiring a motion to stay within 20 days was contained in any of Rinzler’s papers, CPLR 7503 (c) would not bar this petition. Therefore, the delay in serving the statement of claim is irrelevant.

. As of January 12, 1993, the parties have agreed to maintain the stay of arbitration for at least two additional weeks.

. CPLR 7502 (a): "A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action.”
Query whether this proceeding is proper in view of petitioners’ motion to compel arbitration made in the New Jersey action. After all, CPLR 7502 (a) goes on to prescribe what happens when the very first application was, in fact, made by motion in a pending action: "All subsequent applications shall be made by motion in the pending action.”
While Rinzler urges that comity dictates that this court abstain from entertaining the petition, she does not rely on the above-quoted language from CPLR 7502 (a). Curiously, petitioners cite this section and try to distort the motion to compel arbitration in New Jersey as not arising out of an arbitrable controversy thereby contending that this petition is the first *776 application with respect to that controversy. This argument is patently meritless. Nonetheless, the court will entertain the petition because Rinzler has not raised this procedural objection and has charted her own procedural course. (Stevenson v News Syndicate Co., 302 NY 81, 87; National Enters. Corp. v Dechert Price & Rhoads, 181 AD2d 443, 444; Morretta v Dyson, 173 AD2d 257.)

. Morillo v Shearson Hayden Stone (159 AD2d 1012) presents the unusual circumstance of defendants’ motion to compel made before the Statute of Limitations had run followed by nine years of plaintiff's repose when plaintiff moved to compel arbitration. The Court refused to compel arbitration on the basis of the limitations defense. There was no discussion of defendants’ disqualification to seek a stay under CPLR 7503 (b). After all, the remedy there considered was a motion to compel, not a motion to stay.