■ GEE TAI CHONG REALTY CORP., Respondent, v GA INSURANCE COMPANY OF NEW YORK, Appellant, et al., Defendants. [727 NYS2d 388] —Judgment, Supreme Court, New York County (Norman Ryp, J.), entered June 26, 2000, which directed defendant GA Insurance Company of New York to pay $450,000 plus interest and costs to plaintiff based upon a finding that the insurer was precluded from raising coverage as an issue at trial, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded to Supreme Court for further proceedings. Appeal from order, same court (Emily Goodman, J.), entered January 13, 1998, unanimously dismissed, without costs.

In March 1993, plaintiff Gee Tai Chong Realty Corp. gave notice of damages sustained by the collapse of a residential building it owned to Progressive Brokerage Corp., its insurance broker, alleged to be an agent of defendant GA Insurance Company of New York. In May, the insurer was contacted about the claim and subsequently notified plaintiff insured that the loss was not caused by a risk against which the policy provided coverage. In its answer to the complaint, the insurer asserted the additional defense that plaintiff failed to give timely notice of the claim. Plaintiff thereafter filed an amended complaint, naming Progressive as a defendant and asserting claims of negligence and breach of contract against the broker.

Summary judgment motions seeking to dismiss the complaint were denied by Supreme Court (order entered January 13, 1998, Emily Goodman, J.). In the course of its order, the court stated, "it is undisputed that the defendant GA's policy did cover the damage to the premises." Following jury selection, plaintiff sought a ruling that the issue of coverage had been decided and that Justice Goodman's ruling constitutes law of the case. Upon its review of the prior order, the court concluded that it was "pretty clear" that the prior order decided "the issue of coverage and the plaintiff is covered."

The reluctance of the court to look beyond the face of the previous order is understandable in view of the prohibition against one justice of the Supreme Court reviewing a ruling made by another (*Mears v Chrysler Fin. Corp.*, 243 AD2d 270). "Once a point is decided within a case, the doctrine of the law of the case makes it binding not only on the parties, but on all other judges of coordinate jurisdiction" (Siegel, NY Prac § 448, at 680 [2d ed]). While the adoption of the Individual Assignment System has greatly attenuated reliance upon the doctrine, where an application on an issue is directed to different justices, the finality to be ascribed to the prior ruling becomes a paramount consideration (*Rosenshein v Rosenshein*, 158 AD2d 268, 268-269; *George W. Collins, Inc. v Olsker-McLain Indus.*, 22 AD2d 485, 488-489).

Nevertheless, the proscription against relitigation of an issue previously decided by a judge of coordinate jurisdiction (*Matter of Dondi v Jones*, 40 NY2d 8, 15; *Martin v City of Cohoes*, 37 NY2d 162) presumes that the parties were afforded a full and fair opportunity to litigate the issue in the course of the earlier proceedings (*People v Evans*, 94 NY2d 499, 502). Our review of the record demonstrates that the issue of coverage was never submitted for the court's decision, the basis of the prior motion being limited to the adequacy of notice. Furthermore, the im-

plicit resolution of an issue not before it on a motion for summary judgment was highly irregular, the function of the court being the identification of issues, not their determination (*State Farm Auto. Ins. Co. v Ovola*, 209 AD2d 273, 274; *Metrokane Imports v Kane, Dalsimer, Kane, Sullivan & Kurucz*, 150 AD2d 153, 155). Furthermore, the record does not support the gratuitous assessment made on the previous application that the issue of coverage was "undisputed." Concur—Andrias, J. P., Ellerin, Rubin and Buckley, JJ.