■ JOHN JOYCE et al., Respondents-Appellants, v JJF ASSOCIATES, LLC, et al., Appellants-Respondents, et al., Defendants. JOHN JOYCE et al., Respondents, v JJF ASSOCIATES, LLC, et al., Appellants, et al., Defendants. [781 NYS2d 62]—

Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered April 3, 2002 and on or about August 14, 2003, which, inter alia, upon defendants' preanswer motions to dismiss, inter alia, sustained the causes of action for legal malpractice and a partnership accounting, and dismissed the causes

of action for fraud and RICO violations, unanimously modified, on the law, to dismiss the cause of action for legal malpractice, and otherwise affirmed, without costs.

Plaintiffs' cause of action for legal malpractice based upon an alleged conflict of interest and breach of duty in connection with a tax savings plan implemented in 1996 should have been dismissed as barred by the three-year statute of limitations (CPLR 214 [6]). The continuous representation doctrine does not apply since there are no allegations that defendant lawyer or his law firm performed any services for plaintiff in connection with the tax savings plan after 1996, or that there was a mutual understanding of the need for further services, and it does not avail plaintiffs that they did not learn of the alleged conflict of interest until 2000, when defendant lawyer took a position adverse to them in a bankruptcy proceeding (*see McCoy v Feinman,* 99 NY2d 295, 301, 306 [2002]). Nor do defendant lawyer's statements made in the 2000 bankruptcy proceeding themselves constitute legal malpractice, since he did not then represent plaintiffs, and plaintiffs do not allege any damages resulting from his alleged breach of ethical duties owed to them as his former clients (*see Sumo Container Sta. v Evans, Orr, Pacelli, Norton & Laffan,* 278 AD2d 169 [2000]; *Coleman v Fox Horan & Camerini,* 274 AD2d 308 [2000], *lv denied* 95 NY2d 767 [2000]).

There is no merit to defendants' claim that plaintiffs' trusts were never funded and therefore lack capacity to sue. The trust instruments clearly contemplated that the trusts were to be funded not only by the never-purchased insurance policies, but also by income from the partnership that is the subject of the parties' dispute. In any event, defendant lawyer, having drafted the trust instruments and then entered into an agreement with the trusts, is estopped from asserting that the trusts do not exist.

While defendants claim that the partnership has yet to come into existence, the partnership agreement is ambiguous in that regard, and, at this juncture, must therefore be construed against defendants who drafted it. Given an existing partnership, plaintiffs' allegations that they demanded an accounting during the bankruptcy proceeding, and that defendants refused, suffice to state a cause of action for an accounting (*see Blaustein v Lazar Borck & Mensch,* 161 AD2d 507 [1990]; *Conroy v Cadillac Fairview Shopping Ctr.,* 143 AD2d 726 [1988]). Service of the summons and complaint in this action on plaintiffs' partner constituted service on the partnership (CPLR 310).

Plaintiffs' fraud and RICO claims based upon mail and wire

fraud were properly dismissed on the ground that the allegations of fraud are conclusory (CPLR 3016 [b]; *Morin v Trupin*, 711 F Supp 97, 105 [1989]; *Equitable Life Assur. Socy. of U.S. v Alexander Grant & Co.*, 627 F Supp 1023, 1029 [1985]). The complaint does not specify the allegedly false statements that defendants made during the bankruptcy proceedings, and the allegations that defendants created an invalid tax plan, failed to give plaintiffs notice of the bankruptcy proceeding and improperly deprived plaintiffs of partnership assets at best raise claims sounding in negligence or breach of contract (*see Modell's N.Y. v Noodle Kidoodle*, 242 AD2d 248, 250 [1997]). In addition, the allegation of a scheme to defraud them of their property shows only a limited goal that terminated in 1996 when defendants implemented the tax savings plan, and was not otherwise sufficiently continuing to constitute an enterprise within the meaning of RICO (*see F.L. Engelman & Assoc. v Monroe Mendelsohn Research*, 210 AD2d 28 [1994], *lv dismissed* 85 NY2d 967 [1995], citing *East 32nd St. Assoc. v Jones Lang Wootton USA*, 191 AD2d 68, 73 [1993]). Concur—Nardelli, J.P., Ellerin, Williams, Lerner and Catterson, JJ.