■ MARINO D'ORAZIO, Respondent, v ALFRED B. MAINETTI et al., Appellants. [805 NYS2d 455]—

Crew III, J. Appeal from an order of the Supreme Court (Hummel, J.), entered May 4, 2004 in Ulster County, which, inter alia, partially granted plaintiff's cross motion for summary judgment.

---

Beginning in 1995, plaintiff and defendant Alfred B. Mainetti practiced law as a partnership in the City of Kingston, Ulster County. In February 2001, plaintiff and Mainetti formed a professional corporation under the name of Mainetti, Mainetti & D'Orazio, P.C. (hereinafter the firm), with plaintiff and Mainetti as the sole shareholders, directors and officers of the corporation. Later that year, plaintiff "resign[ed] any and all position as a shareholder, officer, director or employee in [the firm] as of October 31, 2001" and, upon his departure, took various files with him and granted the firm a lien thereon. Mainetti, in turn, executed a writing acknowledging that plaintiff, by resigning, was "not waiv[ing] any claim he may have to attorney's liens, disbursements and liens for work performed by the firm." Mainetti then formed a new professional corporation with an associate in the firm, and plaintiff pursued work as a solo practitioner.

Plaintiff alleges that at the time he relinquished his interest in the corporation, it was agreed that he would receive 40% of all fees resulting from cases retained by his former firm and that he, in turn, agreed to pay 60% of all fees resulting from the client files that he took with him upon his departure. Although plaintiff apparently tendered certain funds to Mainetti, defendants did not reciprocate, prompting plaintiff to commence this action for, among other things, breach of the alleged fee agreement. Defendants answered, counterclaimed and, eventually, moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for summary judgment. Supreme Court granted plaintiff's cross motion as to the first cause of action for breach of the fee agreement, finding that although plaintiff and Mainetti adopted a corporate form, they continued to function as a de facto partnership, and denied the balance of the relief requested by the parties. This appeal by defendants ensued.

The case law makes clear that "[w]hen parties 'adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be partners and have only the rights, duties and obligations of stockholders. They cannot be partners *inter sese* and a corporation as to the rest of the world' " (*Weisman v Awnair Corp. of Am.,* 3 NY2d 444, 449 [1957], quoting *Jackson v Hooper,* 76 NJ Eq 592, 598-599, 75 A 568, 571 [1910]; *see Weiner v Hoffinger Friedland Dobrish & Stern,* 298 AD2d 453, 455 [2002], *lv denied* 99 NY2d 509 [2003]). A partnership and a corporation are mutually exclusive entities and cannot coexist (*see Carpenter v Weichert,* 51 AD2d 817, 818 [1976], *lv denied* 39 NY2d 708 [1976]). Thus,

"when individuals do determine to conduct business through a corporation, . . . they are not at one and the same time joint venturers and stockholders, fiduciaries and nonfiduciaries, personally liable and not personally liable" (*Weisman v Awnair Corp. of Am., supra* at 449), and "the equitable remedy of an accounting is not available" (*Carpenter v Weichert, supra* at 818).

Although we agree that the record as a whole contains sufficient proof to raise a question of fact as to whether the firm operated as a partnership despite its legal incorporation, we do not find such proof sufficient to establish, as a matter of law, that plaintiff and Mainetti indeed continued to operate as a de facto partnership following the firm's incorporation in February 2001. That factual issue, in our view, must be resolved at trial. Accordingly, that portion of Supreme Court's order granting plaintiff summary judgment on his first cause of action cannot stand. Moreover, while plaintiff is correct that this Court may search the record and, if warranted, grant summary judgment as to his remaining causes of action (*see* CPLR 3212 [b]), we are unable to discern any evidentiary basis for doing so.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's cross motion; cross motion denied in its entirety; and, as so modified, affirmed.