RICHARD LERNER, an Infant, by MAX LERNER, His Guardian ad Litem, et al., Respondents, v. BENJAMIN B. MORRIS, Appellant.— In an action to recover damages for personal injuries and for loss of services and for medical expenses, the jury rendered a verdict in favor of all plaintiffs and against defendant. Defendant appeals from the judgment entered thereon. Judgment insofar as it is in favor of the infant plaintiff reversed on the law and the facts, the action severed, and a new trial granted, with costs to abide the event. In all other respects the judgment is unanimously affirmed, without costs. The defendant's automobile, driven by his employee, mounted the sidewalk, dragged the carriage or stroller in which the infant plaintiff, a two and one-half year old boy, was sitting, and caused the boy to fall down a cellar stairway. The defendant conceded liability and only the question of damages was submitted to the jury, which returned a verdict of $40,000 in favor of the infant plaintiff, who was seven and one-half years of age at the time of the trial. Objectively, the boy suffered a cut on the forehead, which was stitched promptly, and other bruises and scrapes. He has recovered a verdict on the theory that his injuries included a fracture of the skull, that that fracture caused a brain injury, and that the brain injury changed the boy's personality, in that he has become somewhat emotional. Evidence of the foregoing conditions was given by way of opinions of two medical doctors, who are experts in the fields of neurology and psychiatry, notwithstanding that the X rays and neurological tests do not show any injury and that there have been no pathological symptoms such as unconsciousness, dizziness, nausea, etc. In the five years following the accident the boy has developed well physically and progressed normally in school. Inasmuch as the existence of the claimed injuries has been found circumstantially, or by deduction, without support by the results of objective tests or by symptoms, it must be held that this is a " close case " and that any legal error at the trial is not to be disregarded as insubstantial or not affecting the result. Several portions of the testimony of the witness Dr. London were speculative and without foundation. Although certain portions of such testimony were struck out, they

were within the jury's hearing and the probable effect may not be disregarded. The testimony of the expert Dr. Gerber shows that he based his opinion partly on conversations had with the mother of the boy. It was error by counsel to suggest the possibility that the defendant was insured. It would seem that the witnesses Dr. Griboff and Dr. London misinterpreted the hospital records, as though they showed a positive Babinski test result some five years prior to the trial. The verdict for the infant plaintiff is grossly excessive when related to the competent evidence. Nolan, P. J., Adel, Wenzel and MacCrate, JJ., concur. Beldock, J., concurs in result.