VINCENT KUZNICKI, Respondent, *v.* WALTER KUSZOWSKI, Appellant.

Fourth Department, July 11, 1956.

*Harry J. Kelly* and *John L. Barrett* for appellant.

*Robert J. Sullivan* and *Anthony Johnson* for respondent.

KIMBALL, J.   The appeal is from a judgment in favor of the plaintiff in the amount of $15,000 and from an order denying the defendant's motion to set aside the verdict and for a new trial.   The question of the defendant's negligence and the question of freedom from contributory negligence on the part of the plaintiff were properly submitted to the jury which resolved them in favor of the plaintiff.   We are satisfied that the jury's findings as to negligence and freedom from contributory negligence are not against the weight of evidence but, on the other hand, the burden of proof upon the plaintiff was amply sustained by the evidence.

The accident occurred on October 27, 1952.   It developed upon the trial that the most serious injury for which the plaintiff was then treated was fracture of some ribs.   A year after the accident, an X ray was taken which showed a compressed fracture of the eighth dorsal vertebra.   This is the injury which could justify the verdict of $15,000.   The difficulty is, however, that there is very meagre proof that there was any causal connection between the accident of October 27, 1952 and the compressed

spinal fracture which no one found until a year later. The attending physician treated the plaintiff from October 27, 1952 to December 21, 1953. The injuries were fractured ribs and lacerations. He produced an X ray of October 27, 1953, which showed an injury to the eighth dorsal vertebra. This witness on direct examination gave no opinion as to causal relationship between the accident and the spinal condition a year later. The witness testified on cross-examination that he could not tell from the X ray how long the fracture of the vertebra had existed; that it might have existed for 2 or 3 or 10 years before the accident. He did not know the existence of the compressed vertebra until he saw the picture taken a year after the accident. On redirect examination, he stated, without objection, that that type of compression fracture " could " result " possibly " from being thrown violently from an automobile. No opinion was given by this witness based on reasonable medical certainty that the accident caused the fracture of the vertebra.

The plaintiff called an orthopedic specialist. He examined the plaintiff at a time not specified. He found the rib fractures and discovered a tenderness in the mid-dorsal spine. The X ray he ordered showed a compression fracture of a vertebra. This witness " thought " the plaintiff was disabled as far as work was concerned in the future. On direct examination, he gave no opinion that the spine condition had any causal relation to the accident. On cross-examination, the witness said vertebrae would collapse without any accident. Referring to an X ray of April 8, 1954, he described bony overgrowth due to the " passage of years and of work." Referring to his report and the film of April 8, 1954, he said there was a compression fracture superimposed on an osteoporosis. The witness did not state with reasonable certainty an opinion that the compression fracture discovered a year after the accident was caused by the accident.

It seems to us that a finding that there was causal relationship between the accident and the compressed fracture of the vertebra was necessarily based more upon surmise and speculation than upon expert opinion stated with reasonable medical certainty. Perhaps the proof of causal relationship is too weak in itself to sustain the verdict. However, there was an incident upon the trial and before the jury which impels us to reverse the judgment and direct a new trial. We think such incident may not be considered harmless in view of the weakness of the plaintiff's proof of causal relationship.

Upon summation, the plaintiff's counsel stated to the jury that the " people " represented by counsel for the defendant, made

it a practice of going out and investigating jurors and other things. Defendant moved for a mistrial. The court denied the motion and admonished plaintiff's counsel to confine his remarks to the evidence, to which plaintiff's counsel replied: " Yes, your honor." It is difficult to find any reason for the statement of plaintiff's counsel except that of conveying to the jury the knowledge that the defendant was insured. Counsel was representing Walter Kuszowski, a violin player, and the only defendant in the case. The word " people " certainly did not refer to the violin player nor was it likely that plaintiff's counsel intended the jury to understand that Walter Kuszowski made it a practice to investigate jurors and " other things ". Whether the statement to the jury was intentional or inadvertent, it was prejudicial to the defendant where, as here, the question of causal relationship was an extremely close one. We think it advisable to repeat what this court said in *Cherry Creek Nat. Bank* v. *Fidelity & Cas. Co.* (207 App. Div. 787, 791) : " Breaches of the rule limiting counsel to a discussion of the evidence have become all too frequent of late. It is time that the bar should realize that when counsel in a close case resort to such practices to win a verdict, they imperil the very verdict which they thus seek." (See, also, *New York Cent. R. R. Co.* v. *Johnson,* 279 U. S. 310; *Lerner* v. *Morris,* 283 App. Div. 885.)

The judgment and order should be reversed on the law and facts and a new trial granted.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.