Nicholas **CUCCARESE**, Plaintiff-Appellee,

v.

George F. **SOLOMAN**, as natural guardian of James Soloman, an infant, Defendant-Appellant,
George F. Soloman, individually and as guardian ad litem, Defendant.

No. 225, Docket 32416.

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1968.

Decided Jan. 14, 1969.

Richard J. Burke, New York City (Francis J. Henegahn and John J. Duffy, New York City, on the brief), for appellant.

Paul C. Matthews, Jr., New York City (Paul C. Matthews, New York City, on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

George F. Soloman, as natural guardian of James Soloman, an infant, appeals from a judgment of the United States District Court for the Southern District of New York, John F. Dooling, Jr., Judge,[1] in favor of plaintiff Nicholas Cuccarese after a jury trial in an action for damages for personal injuries. The injuries were sustained when, in the course of a practice swing, James hit Cuccarese in the face with a golf club at a summer camp in Ithaca, New York, where Cuccarese was a counselor and James was an eleven-year-old camper.

The first trial of this action resulted in a verdict for plaintiff for $4000. Plaintiff moved for a new trial on the issue of damages and a new trial on all issues was ordered. The second trial resulted in a judgment for plaintiff in the amount of $27,500 from which judgment defendant appeals.

The only question raised on this appeal is whether statements at trial by plaintiff's counsel indicating that defendant was covered by insurance were so prejudicial as to require reversal of the judgment and the granting of a new trial.

At one point during the trial plaintiff's counsel stated in the hearing of the jury that defendant had no financial interest in the case. Defendant objected and the judge admonished counsel not to "say any more things along this line." However plaintiff's counsel later commented, again in the hearing of the jury, that defendant's father had no financial interest. Defendant objected again.

1. Of the district court for the Eastern District of New York, sitting by designation.

These remarks of plaintiff's counsel clearly implied that defendant had insurance to cover a judgment rendered against him.[2] Defendant's motion for a mistrial on the basis of these references to insurance should have been granted.

 A reference by counsel to insurance coverage is ground for a mistrial unless it is made for a legitimate purpose. Ingerick v. Mess, 63 F.2d 233 (2d Cir. 1933); Brown v. Walter, 62 F.2d 798 (2d Cir. 1933); Wisniewski v. Jem Novelty Corp., 22 A.D.2d 10, 253 N.Y.S. 2d 418 (1st Dept. 1964); Kuznicki v. Kuszowski, 2 A.D.2d 216, 153 N.Y.S.2d 705 (4th Dept. 1956).

The rule may be subject to reconsideration in actions based upon automobile accidents since today's jurors are likely to assume that the defendant has liability insurance. Note, Insurance as Evidence, Syracuse L.Rev. 92 (1964); 2 Wigmore, Evidence § 282a, at 137–51 (3d ed. 1940). But it does not seem probable that a jury would suppose that an eleven-year-old boy at a summer camp was covered by liability insurance for injuries caused to one of the camp's counselors. The comments by plaintiff's counsel, clearly implying that defendant would not suffer financial loss if a verdict were rendered against him, may well have been substantially prejudicial. The judge's instruction, given over defendant's objection, that the jury should not consider defendant's ability to pay a judgment in reaching its verdict may have made the situation worse by reminding the jury of the prior references to insurance.

Juaire v. Nardin, 395 F.2d 373 (2d Cir. 1968), cited by plaintiff, is not apposite. There it was defendant's counsel who raised the issue of insurance on summation. A witness had indicated that defendant had insurance and defendant's counsel sought to explain to the jury that the existence of insurance is irrelevant.

Reversed and remanded for a new trial.

---

2. Plaintiff's counsel had already asked defendant whether he gave a statement "to somebody that was representing your interest" and had described defense counsel as "regularly trying cases involving personal injuries." Proper objection was taken to this description.