■ LYNN MANCHESTER et al., Respondents, v BANKHEAD CORPORATION, a Division of BANKHEAD ENTERPRISES, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. ANCHOR MOTOR FREIGHT LINES, INC., Third-Party Defendant-Appellant; C. F. BENDER COMPANY, Third-Party Defendant-Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 3, 1985 in Greene County, upon a verdict rendered at Trial Term (Connor, J.).

Plaintiff was injured on April 11, 1976 in the course of his employment as the driver of a motor vehicle carrier for Anchor Motor Freight Lines, Inc. (Anchor). His injuries occurred during the process of loading vehicles on the carrier when a tie-bar used as a lever to activate a chain and ratchet-pawl mechanism suddenly released and struck him under the

chin. This ratchet-pawl system attached to the trailer is used by the driver to pull the corner of each vehicle down against its springs and shock absorbers to the bed of the trailer in a securely chained position so that the vehicle is immobilized during transit and reduced to a height within highway height limitations. At the time of his injury, plaintiff was tightening the chain attached to a pickup truck by pulling down the tie-bar attached to the ratchet in order to properly level the vehicle. Believing the pawl had engaged the teeth of the ratchet in a locked position, plaintiff proceeded to relax his grip on the tie-bar, preparing to either further tighten the ratchet or remove the tie-bar from the ratchet. It was during this process that the ratchet suddenly spun backwards, propelling the tie-bar upward and striking plaintiff with the force exerted against the springs and shock absorbers. Serious injuries were sustained which required the services of a neurosurgeon for a spinal fusion and bone graft after removal of a herniated cervical disc.

Plaintiff's action is against Bankhead Corporation (Bankhead), the builder and seller of the car carriers used by Anchor. In turn, Bankhead commenced a third-party action against Anchor and C. F. Bender Company (Bender), the manufacturer and distributor of the ratchet-pawl mechanism. After a jury verdict, judgment was entered in favor of plaintiff in the sum of $375,000 against Bankhead on a claim alleging strict products liability. In the third-party action, a verdict was returned apportioning liability 20% against Anchor, 80% against Bankhead and exonerating Bender.

In our view, the judgment should be affirmed. The expert testimony directed at the design of the ratchet-pawl mechanism and the materials used in the manufacture of its component parts produced questions of fact as to the efficacy of its use by Bankhead and Anchor in the particular manner chosen when safer and more feasible methods were available (see, Gardner v Dixie Parking Corp., 80 AD2d 577, 578). Bankhead's argument to the contrary, upon which it has the burden of proof (see, Bolm v Triumph Corp., 71 AD2d 429, 438, n 2, lv dismissed 50 NY2d 928), is essentially a state of the art defense, which, again, presents an issue for jury determination (Micallef v Miehle Co., 39 NY2d 376, 386-387). Similarly, it is for the jury to determine whether any conduct on the part of plaintiff contributed to his injury (Gardner v Dixie Parking Corp., supra).

We also reject those arguments seeking reversal because of reference to liability insurance upon cross-examination of a

defense witness and the apparently inconsistent verdict as initially reported by the jury. The mention of liability insurance was an isolated, unexpected, inadvertent statement, volunteered by a defense witness and promptly followed with curative instructions by the trial court. As such, it may be deemed nonprejudicial since it clearly appears that such a statement could not have influenced the verdict (see, Simpson v Foundation Co., 201 NY 479, 490; Rush v Sears, Roebuck & Co., 92 AD2d 1072). As to the form of the verdict, the original answer to the interrogatory as to plaintiff's comparative fault was misstated and then corrected. The subsequent inconsistency, apportioning some fault to plaintiff, was pointed out to the jury by the court who then resubmitted the interrogatories to the jury for further consideration. After further deliberation, the jury clearly determined the respective responsibilities of the parties and unanimously found plaintiff free from any fault (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518, n 5). Contrary to defendant's argument, the record does not demonstrate any indication of an impermissible compromise verdict other than the mention of the word "compromise" by a juror in describing the course the jury followed during its deliberations. In the context stated, the word "compromise" was not used as a term of art with its specific legal meaning. Finally, we find the verdict not excessive and fully supported by the evidence.

Judgment affirmed, with costs to plaintiff against defendant Bankhead Corporation. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.