■ CHERYL BARNES, Individually and as Guardian of SHAWN BARNES, an Infant, Respondent-Appellant, v COUNTY OF ONONDAGA, Appellant-Respondent, et al., Defendant. (Appeal No. 1.) [601 NYS2d 724] —Judgment unanimously affirmed with costs to plaintiff. Memorandum: Supreme Court properly denied the County's motion to set aside the verdict as against the weight of the evidence. "[I]f the verdict is one which reasonable men could have rendered after receiving conflicting evidence, the court should not substitute its judgment in place of the verdict" (Harris v Armstrong, 97 AD2d 947, affd 64 NY2d 700).

In considering a motion under CPLR 4404 to set aside the verdict, we must view the evidence most favorably to the prevailing party and give plaintiff the benefit of every inference that may reasonably be drawn from the evidence (see, Loeb v Teitelbaum, 77 AD2d 92, 103). Applying those principles, we conclude that a fair interpretation of the evidence supports the jury's determination that the County had constructive notice of the dangerous condition of the highway (see, Blake v City of Albany, 48 NY2d 875, 877-878), that the roadway was negligently maintained and that the County's negligence was a proximate cause of the accident. Plaintiff testified that her husband lost control of the car when he hit a pothole in the road. The officer who investigated the accident

testified that the road was marred by potholes and ruts, and was badly crowned, which made it unsafe. In addition, plaintiff offered expert testimony that the road was not properly constructed and/or maintained, and that the County should have erected a "Slippery When Wet" sign. Thus, on this record, the jury reasonably could have concluded that the County's failure to erect such a sign was a proximate cause of the accident.

There is no merit to the arguments raised by plaintiff on the cross appeal. (Appeals from Judgment of Supreme Court, Onondaga County, Reagan, J.—Negligence.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.