■ SAMUEL T. STANGL et al., Appellants, v COMPASS TRANSPORTATION et al., Respondents. (Appeal No. 1.) [635 NYS2d 376] —Amended judgment unanimously affirmed without costs. Memorandum: By failing to object to the verdict before the jury's discharge in the derivative action of plaintiff Sherrill Stangl as inconsistent with the verdict in the action of her husband, Samuel T. Stangl (plaintiff), plaintiffs failed to preserve the issue for our review *(see, Barry v Manglass,* 55 NY2d 803, 806, *rearg denied* 55 NY2d 1039; *Gray v Brooklyn Hgts. R. R. Co.,* 175 NY 448, 450-451). We reject the further contention of plaintiffs that the failure to award any damages to Sherrill Stangl in her derivative action is against the weight of the evidence. "[A] jury's verdict should not be set aside as against the weight of the evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion [citation omitted] or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence [citation omitted]" *(Petrovsky v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608; *see, Greene v Frontier Cent. School Dist.,* 214 AD2d 947; *Raucci v City School Dist.,* 203 AD2d 714, 715; *Barnes v County of Onondaga,* 195 AD2d 1042; *Nicastro v Park,* 113 AD2d 129, 134). A fair interpretation of the evidence supports the jury's verdict.

In light of the issue regarding the extent to which the injuries of plaintiff were caused by the 1989 accident, Supreme Court properly denied his motion to set aside the verdict as inadequate *(see,* CPLR 5501 [c]) or as against the weight of the evidence *(see, Petrovsky v Fornes, supra; Greene v Frontier Cent. School Dist., supra; Raucci v City School Dist., supra; Barnes v County of Onondaga, supra).*

The comment of defense counsel during summation that plaintiff had failed to advise defendants' examining physician of plaintiff's fall down a flight of stairs while aboard a ship three years after the accident was clearly improper. The physician did not testify and counsel acted as an unsworn witness

concerning facts not in evidence *(see, Clarke v New York City Tr. Auth.,* 174 AD2d 268, 276; *Senn v Scudieri,* 165 AD2d 346, 355). Although that comment was prejudicial, it does not require a new trial *(see, Wallace v Booth Mem. Hosp.,* 163 AD2d 917; *Vassura v Taylor,* 117 AD2d 798, 800, *appeal dismissed* 68 NY2d 643). More egregious were the comments of defense counsel on summation suggesting that the measure of damages should be based upon the jurors' work experience and financial status and that the jurors should discount any future damages award to present value. Although it is not improper for defense counsel to suggest an appropriate award *(see, Tate v Colabello,* 58 NY2d 84, 87), it is "extremely prejudicial" to misrepresent the method by which the jury is to assess damages *(Vassura v Taylor, supra,* at 799; *see, Nicholas v Island Indus. Park,* 46 AD2d 804). That improper conduct was compounded by the court's failure to instruct the jury "to award the full amount of future damages * * * without reduction to present value" (CPLR 4111 [f]). Plaintiffs failed, however, to object to counsel's comments or to request a curative jury instruction and the issue, therefore, is not preserved. Further, in light of the two-year period for which future damages were awarded and the consistency of the past and future damages awards, we conclude that counsel's suggestion to the jury that it discount any future damages award to present value did not so prejudice plaintiffs as to deprive them of a fair trial *(see, Wallace v Booth Mem. Hosp., supra; Moore v Town of Huntington,* 39 AD2d 764).

We have reviewed plaintiffs' other contentions and conclude that they are without merit. (Appeal from Amended Judgment of Supreme Court, Erie County, Sprague, J.—Set Aside Verdict.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.