■ SCOTT BURLINGAME et al., Appellants, v G & G AUTO REPAIR, Defendant, and GARY COFFEY et al., Respondents. [646 NYS2d 32] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Bernhard, J.), entered July 6, 1995, as, upon reargument, adhered to a prior determination of the same court granting the motion of the defendant Slezak for a mistrial and, in effect, setting aside the jury's verdict on the issue of liability in favor of the plaintiffs and against the defendant Slezak only, and (2) an order of the same court, entered November 1, 1995, as, upon reargument, adhered to a prior determination of the same court dated July 28, 1995, granting the cross motion of the defendant William Coffey, sued herein as G & G Auto Repair and Gary Coffey, dismissing the complaint insofar as asserted against that defendant.

Ordered that the order entered July 6, 1995, is reversed

insofar as appealed from, on the law and as a matter of discretion in the interest of justice, the determination granting the motion of the defendant Slezak for a mistrial and, in effect, setting aside the jury's verdict on the issue of liability in favor of the plaintiffs and against the defendant Slezak is vacated, the motion of the defendant Slezak is denied, and the jury's verdict is reinstated; and it is further,

Ordered that the appeal from the order entered November 1, 1995, is dismissed as academic; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendant Slezak.

Under the circumstances presented, we agree with the appellants' contention that the sole, isolated, and unintentionally elicited reference made by the defendant William Coffey to a statement he provided to an insurance company representative for the defendant Slezak, was not so prejudicial as to warrant the granting of a mistrial (*see, Sakin v Fryman,* 147 AD2d 626; *Manchester v Bankhead Corp.,* 125 AD2d 740; *Rush v Sears, Roebuck & Co.,* 92 AD2d 1072; *Knapp v Fulton County Natl. Bank & Trust Co.,* 6 AD2d 742; *Purdy v McGarity,* 262 App Div 623).

In light of the fact that we are reinstating the jury verdict, which was in favor of the appellants and against the defendant Slezak only, and exonerated the defendant Coffey from any liability, we need not consider the appellants' challenges to the November 1, 1995, order which granted the cross motion of the defendant Coffey dismissing the complaint insofar as asserted against him. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.