■ ALFONSO MENA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. RAUL DOMIZIO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and FELIPE RODRIQUEZ et al., Respondents. VIONNETTE CHABRIER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and FELIPE RODRIQUEZ et al., Respondents. [656 NYS2d 206] —Amended order and judgment (one paper), Supreme Court, New York County (Marylin Diamond, J.), entered May 2, 1995, which, after a trial by jury, awarded plaintiff Alfonso Mena the principal sum of $326,400, unanimously modified, on the law and the facts, and the matter remanded for a new trial solely on the issue of apportionment and otherwise affirmed, without costs, unless, within twenty days after service of a copy of this Court's decision and order upon counsel for the plaintiff, plaintiff stipulates to the apportionment of liability equally between plaintiff Alfonso Mena (50%) and the municipal defendants (50%), the resulting reduction in the amount of damages and the entry of an amended judgment in accordance therewith, in which event the judgment, as so amended, is unanimously affirmed, without costs. Amended order and judgment (one paper), same court and Justice, entered May 18, 1995, which after the same trial by jury, awarded plaintiff Raul Domizio the principal sum of $40,000, unanimously modified, on the law and the facts, and the matter remanded for a new trial solely on the issue of apportionment and otherwise affirmed, without costs, unless, within twenty days after service of a copy of this Court's decision and order upon counsel for the defendants Rodriquez and Mena, said defendants stipulate to the apportionment of liability equally between defendants Felipe Rodriquez, as owner, and Alfonso Mena, as driver

(50%) and the municipal defendants (50%) and to entry of an amended judgment in accordance therewith, in which event the judgment, as so amended, is unanimously affirmed, without costs. Judgment, same court and Justice, entered September 15, 1995, which, after the same trial by jury, awarded plaintiff Vionnette Chabrier damages structured pursuant to CPLR 5041 based upon the jury award of $737,200, unanimously modified, on the law and the facts, and the matter remanded for a new trial solely on the issue of apportionment and otherwise affirmed, without costs, unless, within twenty days after service of a copy of this Court's decision and order upon counsel for defendants Rodriquez and Mena, said defendants stipulate to the apportionment of liability equally between defendants Felipe Rodriquez, as owner, and Alfonso Mena, as driver (50%) and the municipal defendants (50%) and to entry of an amended judgment in accordance therewith, in which event the judgment, as so amended, is unanimously affirmed, without costs.

The summation delivered by counsel for plaintiffs was, in many respects, reprehensible, particularly regarding its irresponsible and unwarranted attacks on the police witnesses. Nevertheless, we find that the court's prompt and thorough curative instructions were sufficient to assure that defendants were not deprived of a fair trial (*cf.*, *Rodriguez v New York City Hous. Auth.*, 209 AD2d 260, 261). We must note that counsel, in delivering such a diatribe, was saved from committing reversible error solely by the heroic efforts of the court. This can hardly be considered a service to his clients and certainly constitutes a disservice to the court.

We find that the evidence of the fact that plaintiff driver had been charged with driving while intoxicated was properly stricken from the record where the criminal charge had since been dismissed. "It is well recognized that '[t]he mere fact of arrest has no probative value and is inadmissible in a civil action involving the same facts' " (*Franco v Zingarelli*, 72 AD2d 211, 216, quoting 2 Bender's New York Evidence § 73.02 [2]).

Viewing the evidence in the light most favorable to the plaintiffs (*see, Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 18), we find that there was a valid line of reasoning and permissible inferences to support the jury's finding that the police emergency vehicle that collided with plaintiffs' vehicle was driven recklessly (*see, Saarinen v Kerr*, 84 NY2d 494; *Romero v Romero*, 231 AD2d 460).

However, we find that the apportionment of fault, which the jury found to be 80% attributable to the driver of the police ve-

hicle and 20% attributable to plaintiff Mena, the driver of the other vehicle, was against the weight of the evidence in light of the overwhelming evidence of Mena's intoxication at the time of the accident. Accordingly, we remand for a new trial for purposes of apportionment unless the parties stipulate as aforesaid. Concur—Ellerin, J. P., Wallach, Williams, Tom and Andrias, JJ.