term" (*Harte-Hanks Communications v Connaughton, supra*, at 666).

Thus, we modify the order by granting defendants' motion for summary judgment dismissing the complaint against them. (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

■ JULIUS R. KORDASIEWICZ et al., Appellants, v PAULA K. BUCHHOLZ et al., Respondents. (Appeal No. 1.) [661 NYS2d 573] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs failed to object to the verdict as inconsistent before the jury was discharged, when Supreme Court could have taken corrective action. "Because the issue was not raised until long after any steps could have been taken by the trial court to cure the inconsistency, it cannot serve as a predicate for a reversal" (*Barry v Manglass*, 55 NY2d 803, 806, *rearg denied* 55 NY2d 1039; *see, Stangl v Compass Transp.*, 221 AD2d 909; *Gross v Fontano*, 206 AD2d 505). To the extent that plaintiffs' posttrial motion may be construed as alleging that the verdict is against the weight of the evidence (*see,* CPLR 4404 [a]), the motion was properly denied. We further conclude that the court did not abuse its discretion in permitting defendants' medical expert to testify at trial (*see, Peck v Tired Iron Transp.*, 209 AD2d 979; *Marra v Hensonville Frozen Food Lockers*, 189 AD2d 1004, 1005-1006). (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Damages.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

■ JULIUS R. KORDASIEWICZ et al., Appellants, v PAULA K. BUCHHOLZ et al., Respondents. (Appeal No. 2.) [661 NYS2d 572] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Set Aside Verdict.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

■ WILLIAM E. MORGAN, JR., Appellant, v WILLIAM A. GENRICH et al., Respondents. [659 NYS2d 638] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: On the morning of January 31, 1994, plaintiff, a diesel mechanic, was dispatched by his employer to the parking lot of the Lord Amherst Motor Hotel and restaurant (Lord Amherst), owned and operated by defendants. A truck driver had experienced mechanical problems with his truck while he was driving on the New York State Thruway and had exited from the Thruway and driven