■ FUNDISHA PRICE et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [664 NYS2d 9] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered June 4, 1996, upon a verdict in favor of defendant, dismissing the complaint, unanimously affirmed, without costs.

The jury's special verdict that defendant's negligence was not a proximate cause of plaintiff's injuries is supported by the record. Plaintiff was unable to establish how or when the serial rapist entered her building; that his ability to enter would have been substantially affected had defendant installed locks; or that the presence of locks would have deterred this rapist from attacking plaintiff (*see, Wright v New York City Hous. Auth.*, 208 AD2d 327, 330-331; *Kirsten M. v Bettina Equities Co.*, 222 AD2d 201, *lv denied* 88 NY2d 813; *Schwartz v Niki Trading Corp.*, 222 AD2d 214, *lv denied* 87 NY2d 810).

While, at times, the conduct of both attorneys fell below professional standards, there is no evidence that their conduct substantially influenced or determined the outcome (*cf., Escobar v Seatrain Lines*, 175 AD2d 741, 744), or that the verdict was "induced by conduct creating and calculating to create prejudicial misapprehension, mistake or false impression on the part of [the] jury" (*Nicholas v Rosenthal*, 283 App Div 9, 12).

We have considered plaintiffs' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Williams, JJ.