■ PATRICIA PANZARINO, Respondent, v JEFFREY A. WEISBERG, M.D., P. C., et al., Appellants, et al., Defendants. [684 NYS2d 208] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 8, 1997, after a jury trial, awarding plaintiff damages structured pursuant to CPLR article 50-A, and bringing up for review orders, same court and Justice, entered February 14, 1996, which, *inter alia*, denied defendants' motion to set aside the verdict and for leave to submit juror affidavits, and entered February 6, 1997, which, *inter alia*, denied defendants' second motion to set aside the verdict, unanimously affirmed, without costs.

In this action for wrongful death resulting from medical malpractice based upon defendant Hammer's failure to perform an EKG seven weeks before decedent's fatal heart attack, the illness of a juror during deliberations, which may have caused her to undergo an EKG before she was allowed to rejoin the

jury, does not furnish a predicate for the direction of a new trial. There is no indication that the court's inquiries at that time as to the affected juror's and the jury's ability to remain fair despite this experience were inadequate, and the trial court correctly rejected the juror affidavit submitted in contravention of the court's earlier ruling and seven months after the verdict had been rendered. There was no factual predicate for further inquiry or a hearing as to whether the dissenting juror had participated in deliberations relating to apportionment and damages, inasmuch as her responses upon being polled were not ambiguous (*compare, Sharrow v Dick Corp.*, 86 NY2d 54); to require such inquiry under these circumstances would mandate further proceedings whenever a verdict is not unanimous.

There was no error in the refusal to charge successive tort liability based upon the decedent's already diminished life expectancy when she first saw Dr. Hammer by reason of the settling codefendant physicians' malpractice, since the requested charge is appropriate only when there are two separate discernible injuries, and wrongful death is a single indivisible injury (*Wiseman v 374 Realty Corp.*, 54 AD2d 119, 122).

The comments of plaintiff's counsel now complained of were either met by prompt and appropriate curative instructions (*see, Mena v New York City Tr. Auth.*, 238 AD2d 159, 160), which were not challenged as inadequate (*see, Torrado v Lutheran Med. Ctr.*, 198 AD2d 346), or were unpreserved by timely objection or a motion for a mistrial directed to those specific comments (*see, Balsz v A & T Bus Co.*, 252 AD2d 458; *Figueroa v Maternity Infant Care Family Planning Project*, 243 AD2d 424, *lv denied* 91 NY2d 807), were not prejudicial since they were not sustained repeated remarks (*see, e.g., Burlingame v G & G Auto Repair*, 229 AD2d 511, 512), and there was no showing that they substantially affected the outcome (*see, Price v New York City Hous. Auth.*, 244 AD2d 186, *affd* 92 NY2d 553). In any event, as to the remarks regarding discounting the value of the award, there was no impropriety since they fairly reflected the stated opinion of plaintiff's economist (*cf., Stangl v Compass Transp.*, 221 AD2d 909, 910).

We find no basis for a reduction of the award or for recomputation of the judgment. Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.