■ RICHARD R. CZERNIEJEWSKI, Respondent, v STEWART-GLAPAT CORPORATION, Appellant. [703 NYS2d 621] —Judgment unanimously affirmed with costs. Memorandum: We reject defendant's contention that the jury's verdict is contrary to the weight of the evidence. "[A] jury's verdict should not be set aside as against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion [citation omitted] or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence" (*Petrovski v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608). A fair interpretation of the evidence supports the jury's findings that the conveyor manufactured by defendant was defectively designed and that the parties were each 50% at fault for the accident. Contrary to defendant's contention, the record contains no indication that the jury rendered an impermissible compromise verdict (*see, Manchester v Bankhead Corp.,* 125 AD2d 740, 742). Plaintiff's econo-

mist was properly permitted to testify with respect to plaintiff's future lost earnings. An expert's "opinion may be based on assumed facts which 'are fairly inferable from the evidence'" (*Matter of Freitag v New York Times,* 260 AD2d 748, 749, quoting *Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414). The assumption of the economist that plaintiff will be not employed in the future is fairly inferable from the evidence of plaintiff's age, employment skills and physical limitations. Finally, any error in excluding evidence that the conveyor was manufactured in accordance with the specifications of plaintiff's employer is harmless. The excluded evidence would not "have had a substantial influence in bringing about a different verdict" (*Khan v Galvin,* 206 AD2d 776, 777). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.