■ MELINDA C. GENCO, Respondent, v MILLARD FILLMORE SUBURBAN HOSPITAL, Appellant, et al., Defendant. (Appeal No. 1.) [713 NYS2d 710] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.

■ MELINDA C. GENCO, Respondent, v MILLARD FILLMORE SUBURBAN HOSPITAL, Appellant, et al., Defendant. (Appeal No. 2.) [714 NYS2d 173] —Order and judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this medical malpractice action against defendant Millard Fillmore Suburban Hospital (Hospital) and defendant doctor to recover damages arising from the discovery of a laparotomy pad in her abdominal cavity approximately 11 months after she had surgery at the Hospital to remove an ovarian mass. The jury found that the Hospital was negligent, apportioned the Hospital's liability at 90% and awarded plaintiff damages in the amount of $225,000 for past pain and suffering.

There is no merit to the Hospital's contention that, during colloquies with counsel for the Hospital that took place in the presence of the jury, the Trial Justice expressed his personal opinions with respect to the responsibility of the Hospital for the presence of the laparotomy pad in plaintiff's abdomen and

thus deprived the Hospital of a fair trial. The comments in question were made in response to improper attempts by counsel for the Hospital to introduce evidence concerning defenses that had not been pleaded by the Hospital. Upon our review of the record, we conclude that the comments pertained to evidence in the record and were not so egregious or prejudicial that they deprived the Hospital of a fair trial (*cf., Habenicht v R.K.O. Theatres*, 23 AD2d 378; *Salzano v City of New York*, 22 AD2d 656). In addition, the Trial Justice's references to the doctrine of res ipsa loquitur did not deprive the Hospital of a fair trial (*cf., Kambat v St. Francis Hosp.*, 89 NY2d 489). In any event, Supreme Court's prompt curative instruction was sufficient to alleviate any prejudice that may have resulted from those references (*see, Mena v New York City Tr. Auth.*, 238 AD2d 159, 160).

We further conclude that the award of damages for past pain and suffering does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). (Appeal from Order and Judgment of Supreme Court, Niagara County, Joslin, J.—Negligence.) Present—Pigott, Jr., P. J., Green, Hayes, Kehoe and Lawton, JJ.