■ THEODORE JOHNSON et al., Plaintiffs, and GOSLYN SYLVAN, Respondent, v BARBARA LAZAROWITZ et al., Appellants. [771 NYS2d 534]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Douglass, J.), dated June 12, 2002, which, upon a stipulation on the issue of liability and limiting any award of damages to $1,250,000, and upon a jury verdict awarding the plaintiff Goslyn Sylvan damages in the sum of $4,000,000, is in favor of the plaintiff Goslyn Sylvan and against them.

Ordered that the judgment is reversed, on the law and in the interest of justice, and a new trial is granted on the issue of damages, with costs to abide the event.

The accident in this case occurred on August 12, 1995. The

weight of the evidence established that, toward the end of 1995 or the beginning of 1996, the back and neck pain attributed to the accident by the plaintiff Goslyn Sylvan (hereinafter the plaintiff) had significantly diminished. In March 1996 the plaintiff's chiropractic treatments were suspended, and for several years the plaintiff sought no further treatment in connection with the injuries allegedly incurred in the accident.

In 1999, approximately four years after the accident, the plaintiff began to experience progressively worsening pain in his neck, as well as occasional pain radiating to his hands and feet. He was also having difficulty walking. Approximately one year after the onset of these more serious symptoms, the plaintiff was admitted to University Hospital in Brooklyn, where he underwent neck surgery in July 2000. The jury in this case was called upon to resolve a very close issue as to whether the significant degeneration of the plaintiff's condition in 1999 was due solely, or even partially, to the trauma suffered in the car accident four years earlier. In light of the close issue of causation at the heart of his case, a new trial on the issue of damages is warranted in the interest of justice based on the repeated misconduct of the plaintiff's trial attorney.

The record on appeal is replete with vituperative remarks made by the plaintiff's attorney for the sole purpose of inducing the jury to decide this case on passion rather than on the basis of the evidence. We will make no attempt to catalog counsel's more egregious remarks only for fear that a failure to mention other less egregious ones will be construed as approving their repetition at the new trial. We will instead merely repeat that "when counsel in a close case resort to [inflammatory] practices to win a verdict, they imperil the very verdict which they thus seek" (*Cherry Creek Natl. Bank v Fidelity & Cas. Co.,* 207 App Div 787, 791 [1924]; *see Kuznicki v Kuszowski,* 2 AD2d 216 [1956]).

We also find that the Supreme Court erred to the extent that it permitted the plaintiff's attorney to comment on, or to elicit testimony in regard to, the plaintiff's alleged intent to return to work, an intent supposedly frustrated as a result of the accident, where there is no claim for loss of earnings in the bill of particulars. Similarly, the Supreme Court erred to the extent it permitted the plaintiff's wife to testify as to her need to hire contractors to perform work that, but for his injury, the plaintiff would have performed. No such claim was asserted in the complaint or in the bill of particulars, and the variance between the bill of particulars and the evidence of trial was prejudicial to the defendants (*see Palchik v Eisenberg,* 278 AD2d 293 [2000]; *Ciriello v Virgues,* 156 AD2d 417 [1989]).

A new trial on the issue of damages is also warranted because the attorney for the plaintiff improperly referred to the existence of the defendants' liability insurance coverage. In light of the deliberate nature of counsel's conduct in this respect, and in light of the probability of prejudice, a new trial on the issue of damages is warranted on this ground as well (*see Staltare v D & B Distribs.*, 281 AD2d 469 [2001]; *Burlingame v G & G Auto Repair*, 229 AD2d 511 [1996]; *cf. Butigian v Port Auth. of N.Y. & N.J.*, 293 AD2d 251 [2002]). Defense counsel did not waive his right to object to the misconduct of the plaintiff's attorney in this respect merely because he confronted the plaintiff, who claimed at trial that his abandonment of chiropractic treatments in 1996 was the result of the inefficacy of such treatments, with the plaintiff's deposition testimony that supported the contrary inference that the only reason that such treatments were abandoned was that the plaintiff's "no fault" carrier was no longer willing to pay for them.

For the foregoing reasons, the judgment appealed from must be reversed, and a new trial granted on the issue of damages. We need not address the remaining issues, including whether the damage award, based on the verdict as reduced in accordance with the parties' stipulation, was excessive. Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.