MAYER JACOBWITZ, Appellant, v CITY OF NEW YORK, Respondent. [873 NYS2d 194]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 20, 2008, as, upon renewal, adhered to an original determination in an order dated May 29, 2007 denying his motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the facts and the law, with costs, and, upon renewal, the determination in the order dated May 29, 2007 denying the plaintiff's motion for summary judgment on the issue of liability is vacated and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff sustained personal injuries as a result of a collision with a vehicle at an intersection governed by a traffic light. The driver of a pickup truck owned by the City of New York was involved in the accident. That driver alleged at his deposition that he was driving in a northerly direction with the traffic light in his favor when the driver of a tow truck, also owned by the City, and traveling in a westerly direction, entered the intersection against a red light. Conversely, the driver of the tow truck accused the driver of the pickup truck of entering the intersection against the traffic light. After the impact, the pickup truck moved to the left and struck the pedestrian plaintiff and a school bus, which was legally parked north of the northeast corner of the intersection.

Neither the driver of the pickup truck nor the driver of the tow truck knew where the plaintiff was standing at the time of impact. The plaintiff testified at his deposition that he was on

the sidewalk at the moment of impact, and had not stepped down into the street before the accident occurred. The driver of the pickup truck admitted that his vehicle struck a pedestrian at the intersection, whom he later learned to be the plaintiff. An eyewitness to the accident averred that the plaintiff was struck by the pickup truck while standing on the sidewalk.

Upon renewal, the Supreme Court improperly adhered to its initial determination denying the plaintiff's motion for summary judgment on the issue of liability. The plaintiff demonstrated, prima facie, that either the driver of the pickup truck or the driver of the tow truck was negligent as a matter of law for proceeding through the intersection against a red light without stopping (*see* Vehicle and Traffic Law § 1111 [d]; *Ramos v Triboro Coach Corp.*, 31 AD3d 625 [2006]; *Casanova v New York City Tr. Auth.*, 279 AD2d 495 [2001]). Thus, the plaintiff demonstrated, prima facie, that the City was negligent. The plaintiff also established, prima facie, that he was standing on the sidewalk at the moment that the pickup truck struck him, and that the impact of that collision resulted in personal injury. Accordingly, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability.

The burden thus shifted to the City to raise a triable issue of fact as to the location of the plaintiff at the time of the impact or the plaintiff's culpable conduct, if any. In opposition to the plaintiff's showing, the defendant failed to raise a triable issue of fact as to these issues (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Consequently, upon renewal, the Supreme Court should have vacated its initial determination denying the plaintiff's motion for summary judgment on the issue of liability, and granted the plaintiff's motion for summary judgment on that issue.

The City's remaining contentions are without merit. Mastro, J.P., Miller, Carni and Chambers, JJ., concur.