■ NELSON NUNEZ, Appellant, v LOUIS CORTEGIANO, Respondent. [880 NYS2d 161]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Weiss, J.), entered July 14, 2008, which denied his motion for summary judgment on the issue of liability, and (2), as limited by his notice of appeal and brief, from so much of an order of the same court dated August 25, 2008, as, upon renewal, adhered to its original determination.

Ordered that the appeal from the order entered July 14, 2008 is dismissed, as that order was superseded by so much of the order dated August 25, 2008, as was made upon renewal; and it is further,

Ordered that the order dated August 25, 2008 is reversed insofar as appealed from, on the law, upon renewal, the order entered July 14, 2008 is vacated, and the plaintiff's motion for summary judgment on the issue of liability is granted.

This action arises out of a motor vehicle accident which occurred on July 21, 2007 at the intersection of 84th Street and Furmanville Avenue in Middle Village. The plaintiff, operating a motorcycle, was traveling westbound on Furmanville Avenue. The defendant, operating a passenger car, was traveling southbound on 84th Street. After stopping at the stop sign located at the intersection, the defendant turned left onto eastbound Furmanville Avenue, at which point the plaintiff's motorcycle collided with the defendant's vehicle. The plaintiff allegedly was thrown from the motorcycle and injured. The plaintiff commenced this action against the defendant and moved for summary judgment on the issue of liability. The Supreme Court denied the motion. The plaintiff then moved, inter alia, for leave to renew his motion for summary judgment. The Supreme Court, among other things, granted that branch of the motion which was for leave to renew, but adhered to its original determination (*see* CPLR 2221 [f]) denying the plaintiff's motion for summary judgment on the issue of liability.

Upon renewal, the Supreme Court improperly adhered to its original determination denying the plaintiff's motion for summary judgment on the issue of liability. Upon renewal, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence that the defendant, in violation of Vehicle and Traffic Law § 1142 (a), failed to yield the right-of-way upon entering the intersection (*see Jaramillo v Torres,* 60 AD3d 734 [2009]; *Maliza v Puerto-Rican Transp. Corp.,* 50 AD3d 650, 651 [2008]), and that the ticket issued to the plaintiff for driving at an unsafe speed was dismissed. In opposition, the defendant failed to raise a triable issue of fact. His

contention that the plaintiff was speeding is speculative and unsupported by any competent evidence (*see Hou-Ching Chou v Wong,* 34 AD3d 642, 643 [2006]) since the mere issuance of a ticket that is later dismissed is of no probative value (*see Mena v New York City Tr. Auth.,* 238 AD2d 159, 160 [1997]). Accordingly, upon renewal, the Supreme Court should have vacated its original determination denying the plaintiff's motion for summary judgment on the issue of liability and granted the plaintiff's motion for summary judgment on that issue (*see Jacobwitz v City of New York,* 59 AD3d 495, 496 [2009]).

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.