# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**24**

**CA 13-00420**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

ANN TOWNE, PLAINTIFF-APPELLANT,
ET AL., PLAINTIFF,

V                                                        MEMORANDUM AND ORDER

DAVID E. BURNS, M.D. AND GENESEE SURGICAL
ASSOCIATES, P.C., DEFENDANTS-RESPONDENTS.

---

TREVETT CRISTO SALZER & ANDOLINA, P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

BROWN, GRUTTADARO, GAUJEAN & PRATO, LLC, ROCHESTER (JEFFREY S.
ALBANESE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered January 23, 2013. The order denied the motion of plaintiff Ann Towne to set aside the verdict and for a new trial.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this medical malpractice action, Ann Towne (plaintiff) appeals from an order insofar as it denied her motion to set aside the verdict of no cause of action and for a new trial in the interest of justice (*see* CPLR 4404 [a]). We reject plaintiff's contention that Supreme Court erred in allowing cross-examination of her expert regarding an out-of-state conviction of contempt. That conviction was based upon lies told by the expert to a judge during the course of the expert's trial testimony. Although the conviction was in 1983, " '[c]ommission of perjury or other acts of individual dishonesty, or untrustworthiness . . . will usually have a very material relevance, whenever committed' " (*Donahue v Quikrete Cos.* [appeal No. 2], 19 AD3d 1008, 1009, quoting *People v Sandoval*, 34 NY2d 371, 377).

We agree with plaintiff, however, that the court abused its discretion in curtailing her effort to rehabilitate her expert on redirect examination by asking him to explain the facts underlying the contempt conviction (*see People v Tait*, 234 App Div 433, 439, *affd* 259 NY 599; *Sims v Sims*, 75 NY 467, 472-473). We further conclude, however, that the error is harmless, inasmuch as "[t]he excluded [testimony] would not 'have had a substantial influence in bringing about a different verdict' " (*Czerniejewski v Stewart-Glapat Corp.*, 269 AD2d 772, 773). Thus, the limitations imposed by the court on the

redirect examination of plaintiff's expert do not support setting aside the verdict in the interest of justice (*see Butler v County of Chautauqua*, 277 AD2d 964, 964).